IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT PAVING & EXCAVATING, LLC<br><br>and<br><br>JOSEPH SPIEWAK,<br><br>Defendants. | Case No. 2:26-cv-31 |

## COMPLAINT

1. Plaintiffs are trustees of various multiemployer benefit funds. Defendant Patriot Paving and Excavating, LLC ("Patriot Paving") is an employer obligated to make contributions to the Funds based upon a contractually agreed rate so that Patriot Paving's employees may participate in and receive the employee benefits of the Funds. Defendant Joseph Spiewak ("Spiewak") is the owner of Patriot Paving, who personally guaranteed certain of Patriot Paving's obligations to the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for

failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

4. Plaintiffs are Trustees and fiduciaries of the Teamsters Union No. 142 Pension Fund ("Pension Fund"), Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund ("Training Fund"), and Teamsters Union Local No. 142 Annuity Fund ("Annuity Fund") (collectively, the "Funds"). Each of the Funds were created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and are administered through Trust Agreements. The Funds are administered by joint Boards of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Funds' Boards of Trustees are the "plan sponsors" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Pension Fund is a multiemployer defined benefit pension plan within the meaning of ERISA §§ 3(2), (35), and (37), 29 U.S.C. §§ 1002(2), (35), and (37). The Annuity Fund is a multiemployer defined contribution plan within the meaning of ERISA §§ 3(2), (34), and (37), 29 U.S.C. §§ 1002(2), (34), and (37). The Training Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Funds are administered in Gary, Indiana.

5. Defendant Patriot Paving is an Indiana limited liability company. At all relevant times, Patriot Paving was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5), and was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12). Patriot Paving's principal place of business is located in Portage, Indiana.

6. Defendant Spiewak is an individual who is and at all relevant times has been the president and registered agent of Patriot Paving. Spiewak organized Patriot Paving in 2018 and has been the sole member of Patriot Paving since that time.

## COMMON FACTS

7. At all relevant times, Patriot Paving was a party to and agreed to abide by the terms of one or more collective bargaining agreements ("CBA"). The terms of the CBA require Patriot Paving to make contributions to the Funds of which Plaintiffs are Trustees, along with contributions to other employee benefit funds.

8. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Fund. They also authorize Plaintiffs to adopt and enforce a written collection policy and related policies.

9. Pursuant to the terms of the CBA, Trust Agreements, and Plaintiffs' collection policies, Patriot Paving is required to submit all monthly reports and contributions by the specified due dates. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 20% of the contribution amount and interest at the rate of 10% per year until paid in full. Patriot Paving is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

10. Pursuant to the terms of the CBA, Trust Agreements, and Plaintiffs' collection policies, Patriot Paving may also be subjected to payroll audits as may be deemed appropriate. Patriot Paving is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Patriot Paving has not paid contributions as required, Patriot Paving is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

11. Plaintiffs, Patriot Paving and Spiewak entered into a Settlement Agreement whereby Patriot Paving and Spiewak, personally, agreed to make a series of weekly installment payments to the Plaintiffs to satisfy a judgment entered against Patriot Paving in the United States District Court for the Northern District of Indiana, *Trustees of the Teamsters Union No. 142 Pension Fund et al v. Patriot Paving & Excavating, LLC,* Case No. 2:24-cv-349-PPS-AZ. As a condition of accepting the weekly installment payments in lieu of post-judgment proceedings, Spiewak was required to personally guarantee that Patriot Paving would abide by the terms of the Repayment Agreement.

12. Pursuant to the Settlement Agreement, Spiewak agreed that if Patriot Paving were to breach the Settlement Agreement, all amounts that remain due and owing under the Amortization Schedule shall become immediately due and Spiewak shall be jointly and severally liable for said amounts, plus any ongoing monthly contributions that Patriot Paving failed to pay as required under the Settlement Agreement.

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)
### (Defendant Patriot Paving)

13. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

14. Patriot Paving has failed to pay the required contributions to the Funds for one or more months for the period December 2024 through the present.

15. Patriot Paving's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Patriot Paving is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)
### (Defendant Patriot Paving)

16. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

17. Patriot Paving has failed to pay the required contributions to the Funds for one or more months for the period December 2024 through the present.

18. Patriot Paving's actions are in violation of the CBA, Trust Agreement, and Plaintiffs' collection policies, and Patriot Paving is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)
### (Defendant Patriot Paving)

19. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

20. Patriot Paving failed to make timely contribution payments for one or more work months during the period December 2024 through the present, thereby rendering the contributions

delinquent. As a result, Patriot Paving is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

21. Patriot Paving's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Patriot Paving is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Liquidated Damages)
### (Defendant Patriot Paving)

22. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23. Patriot Paving failed to make timely contribution payments for one or more work months during the period December 2024 through the present, thereby rendering the contributions delinquent. As a result, Patriot Paving is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

24. Patriot Paving's actions are in violation of CBA, Trust Agreement, and Plaintiffs' collection policies, and Patriot Paving is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### (Breach of Contract)
### (Defendants Spiewak and Patriot Paving)

25. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26. On or about November 12, 2025, Defendants Spiewak and Patriot Paving agreed to a Settlement Agreement with the Funds. A true and accurate copy of the Settlement Agreement is attached as Exhibit A.

27. The Settlement Agreement pertained to certain amounts owed by Patriot Paving to the Funds, as itemized in the Settlement Agreement and attachments. The total amount covered by

the settlement agreement was $161,087.53. To satisfy the amount owed, as specified in the Settlement Agreement, Patriot Paving agreed to submit a down payment of $55,000, followed by weekly payments of $15,000. In addition, while the Settlement Agreement was in force, Patriot Paving was required to remain current with its monthly reporting and timely submit the contributions due thereon to Funds as required under the CBA and the Trust Agreements.

28. As part of the Settlement Agreement, the Funds and Patriot Paving and Spiewak agreed that Spiewak would provide a personal guarantee that Patriot Paving would abide by the terms of the Settlement Agreement. Spiewak acknowledged as part of this personal guarantee that, if Patriot Paving were to breach the Settlement Agreement, all amounts that remain due and owing under the Settlement Agreement would become immediately due and Spiewak would be jointly and severally liable for said amounts, plus any ongoing monthly contributions that Patriot Paving failed to pay as required under the Settlement Agreement.

29. Since entering into the Settlement Agreement, Patriot Paving has failed to timely submit the weekly installments Patriot Paving agreed to submit to Plaintiffs. In addition, Patriot Paving reported monthly contributions due on behalf of its employees for September, October, November and December 2025, but failed to pay the required contributions to the Funds.

30. Patriot Paving's failure to submit its weekly installments as required under the Settlement Agreement and its failure to remain current with its monthly reporting and contribution obligation to the Funds constitute a breach of the Settlement Agreement. As a result, Patriot Paving is liable for the full amount of the Settlement Agreement, together with ongoing monthly contributions and related amounts.

31. Pursuant to the Settlement Agreement, Spiewak is jointly and severally liable for the amounts which remain due under the Settlement Agreement. Spiewak is also jointly and

severally liable for the ongoing monthly contributions due on behalf of Patriot Paving's employees which Patriot Paving has failed to pay.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A. Judgment in favor of Plaintiffs and against Patriot Paving for unpaid and delinquent contributions owed by Patriot Paving for the months of December 2024 through the present;

B. Judgment on behalf of Plaintiffs and against Patriot Paving for accumulated interest and liquidated damages on the delinquent contributions for the months of December 2024 through the present, and any additional interest accrued at the time of entry of judgment, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Patriot Paving in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

D. Judgment on behalf of Plaintiffs and against Patriot Paving for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

E. Judgment on behalf of Plaintiffs and against Defendants Spiewak and Patriot Paving for the amounts due and owing under the Settlement Agreement between Plaintiffs, Patriot Paving, and Spiewak;

F. Judgment on behalf of Plaintiffs and against Defendant Spiewak for the additional contributions due on behalf of Patriot Paving's employees that Patriot Paving has failed to pay as required under the Settlement Agreement, for the period September 2024 through the present;

  G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreement, and Plaintiffs' collection policies, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

  H. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

  I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

            Respectfully submitted,

            LEDBETTER PARTNERS LLC

            /s/ Paul E. Stoehr
            Paul E. Stoehr (OH #0096213)
            Cecilia Scanlon (IL #6288574)
            5078 Wooster Rd., Suite 400
            Cincinnati, OH 45226
            (937) 619-0900 (ph)
            (937) 619-0999 (fax)
            pstoehr@fringebenefitlaw.com
            cscanlon@fringebenefitlaw.com
            *Attorneys for Plaintiffs*