UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:26  CV 31 |
| PATRIOT PAVING & EXCAVATING, LLC And JOSEPH SPIEWAK, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on plaintiffs' Motion for Default Judgment against defendants Patriot Paving & Excavating, LLC ("Patriot Paving") and Joseph Spiewak ("Spiewak"). (DE # 13.) For the reasons set forth below, the motion is granted and judgment is entered against defendants, jointly and severally, in the amount of $175,538.55.

## I.    BACKGROUND [1]

Plaintiffs are the trustees and fiduciaries of the Teamsters Union No. 142 Pension Fund, the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and the Teamsters Union Local No. 142 Annuity Fund (collectively, the "Funds"), each a

---

[1] For purposes of this opinion, the court accepts the following well-pleaded allegations of the complaint as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

multiemployer benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Patriot Paving is an Indiana limited liability company and a signatory to one or more collective bargaining agreements ("CBA") obligating it to make fringe benefit contributions to the Funds. Spiewak is the president, registered agent, and sole member of Patriot Paving.

The CBA incorporates by reference the Funds' Trust Agreements, which authorize plaintiffs to collect employer contributions and which provide that delinquent contributions are subject to liquidated damages of twenty percent (20%) and interest at the rate of ten percent (10%) per year, together with attorney's fees and costs incurred in collection. The parties previously entered into a Settlement Agreement to satisfy a judgment entered in a prior action, Case No. 2:24-cv-349-PPS-AZ, under which Patriot Paving agreed to make weekly installment payments of $15,000 and to remain current on its ongoing monthly reporting and contribution obligations, and under which Spiewak personally guaranteed Patriot Paving's performance and agreed to be jointly and severally liable, upon breach, for the amounts remaining due plus any unpaid ongoing contributions.

Plaintiffs filed their complaint on January 28, 2026. (DE # 1.) Patriot Paving and Spiewak were served on February 20, 2026. (DE ## 7, 8.) Defendants failed to answer or otherwise respond, and on March 23, 2026, the Clerk entered default against both Defendants. (DE ## 11, 12.) Plaintiffs now move for default judgment, supported by the Declaration of Jay Smith, Fund Manager (DE # 14-1), and the Declaration of Cecilia M. Scanlon, counsel. (DE # 14-2.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for the entry of default judgment. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Upon the Clerk's entry of default under Rule 55(a), the well-pleaded allegations of the complaint relating to liability are taken as true and deemed admitted. *Id.* Liability having been established, the plaintiff must still establish its damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The court must conduct an inquiry to ascertain the amount of damages, but a hearing is not required where the amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The court's inquiry is independent; it must satisfy itself that the requested sum is actually supported by the record rather than accept the plaintiff's figure at face value. *Id.*

## III.    DISCUSSION

The prerequisites for default judgment as to liability are satisfied. Defendants were properly served (DE ## 7, 8), failed to plead or otherwise defend, and the Clerk entered their default (DE ## 11, 12). The well-pleaded allegations of the complaint are therefore taken as true. *VLM Food Trading*, 811 F.3d at 255. Those allegations establish liability under ERISA § 515, 29 U.S.C. § 1145, which requires an employer obligated to contribute to a multiemployer plan to make contributions in accordance with the terms of the plan or collectively bargained agreement. The Funds may enforce that obligation as third-party beneficiaries of the CBA, *Cent. States v. Gerber Truck Serv., Inc.*, 870 F.2d

3

1148, 1151 (7th Cir. 1989), and Section 515 sharply limits the defenses available to a delinquent employer, *Cent. States, Se. & Sw. Areas Pension Fund v. Kroger Co.*, 226 F.3d 903, 911 (7th Cir. 2000). The admitted allegations likewise establish defendants' liability under the Settlement Agreement, enforced as any other contract, *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002), with Spiewak jointly and severally liable by virtue of his personal guarantee. Default judgment as to liability is therefore appropriate against both defendants.

Plaintiffs have supported their request for damages with detailed, sworn declarations and supporting documentation sufficient to permit the court to ascertain the amount owed without a hearing. *e360 Insight*, 500 F.3d at 602. The Smith Declaration and its attached itemized spreadsheet (DE # 14-1) establish the unpaid contributions, interest, and liquidated damages owed to each Fund, and the Scanlon Declaration and its attached billing records (DE # 14-2) establish the attorney's fees and costs. The categories of damages are those mandated by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). Attorney's fees of $17,147.50 are recoverable under ERISA § 502(g)(2)(D) and are supported by contemporaneous billing records reflecting hourly rates of $250.00 to $275.00 for attorneys and $115.00 for paralegals. The court finds these rates reasonable and the hours expended reasonable in light of the collection and post-judgment efforts documented. The $405.00 filing fee is a recoverable cost. Accordingly, damages shall be awarded as follows:

Unpaid contributions (Pension, Annuity, Training Funds) .........$128,153.92
Interest on unpaid contributions ..........................................................$4,201.35
Liquidated damages (20% of unpaid contributions) ......................$25,630.78

Attorney's fees................................................................................$17,147.50
Costs..............................................................................................$405.00
**TOTAL ..................................................................................$175,538.55[2]**

## IV.    CONCLUSION

For the foregoing reasons, the court finds as follows:

(1) Plaintiffs' Motion for Default Judgment (DE # 13) is **GRANTED**;

(2) **JUDGMENT** is entered in favor of plaintiffs and against defendants Patriot

Paving & Excavating, LLC and Joseph Spiewak, jointly and severally, in the

amount of **$175,538.55**; and

(3) Plaintiffs are awarded post-judgment interest on the foregoing amount at the

statutory rate provided by 28 U.S.C. § 1961, together with such additional

attorney's fees and costs as may be incurred in collecting this judgment.

**SO ORDERED.**

Date: July 23, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] The court's independent review of the evidence and plaintiffs' proposed amount of damages identified one arithmetic discrepancy that can be easily corrected. Plaintiffs posit that defendants owe the Pension Fund $23,927.85 in liquidated damages. Liquidated damages are expressly calculated as twenty percent of unpaid Pension Fund contributions of $118,639.27. However, twenty percent of $118,639.27 is $23,727.85, not $23,927.85. The court has corrected this figure and calculated liquidated damages of $25,630.78 in the aggregate, reducing the total judgment from the requested $175,738.55 to $175,538.55.